RECEIVED
OCT 2 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

**RICHARD J. HERNANDEZ**                         CIVIL ACTION NO. 04-1306

VS.

**COMMISSIONER OF THE SOCIAL**          MAGISTRATE JUDGE METHVIN
**SECURITY ADMINISTRATION**                  BY CONSENT OF THE PARTIES

## RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS
*(Rec. Doc. 12)*

Before the court is the motion for attorneys' fees and costs filed by Richard J. Hernandez ("Hernandez"), on October 7, 2005.[1] Henry C. Remm, Jr., counsel for Hernandez seeks $11,409.50 in attorneys fees under 42 U.S.C. §406(b) and pursuant to a contingency fee agreement wherein Hernandez agreed to pay him 25% of all past due benefits awarded. Further, Hernandez seeks an award of $5,575.00 in attorney's fees and $150.00 in costs pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. §2412(d)(1)(A). The motion is unopposed.[2]

### *Background*

On May 5, 2000, Hernandez applied for disability insurance benefits and supplemental security income alleging disability beginning September 30, 1999 due to emphysema, depression, and back problems. Following an administrative hearing, the ALJ issued an unfavorable decision and a request for review was denied by the Appeals Council.

---

[1] Rec. Doc. 12.

[2] The undersigned notes that the Commissioner of Social Security has no direct financial stake in the answer to the § 406(b) question; instead, the Commissioner plays a part in the fee determination resembling that of a trustee for the claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6, 122 S.Ct. 1817, 1823 (U.S. 2002), citing Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 248 (6th Cir. 1983).

On June 21, 2004, Hernandez filed a complaint for judicial review with this Court.[3] On July 18, 2005, the undersigned issued a judgment reversing the decision of the ALJ.[4]

### *Request for Fees Under Contingency Fee Agreement*

On October 7, 2005, Hernandez filed the instant motion for fees. In support of his motion, Mr. Remm submits documentation from the Social Security Administration ("SSA") showing that Hernandez was awarded past due benefits in the amount of $47,150.00. Pursuant to the contigency fee contract at issue, SSA has withheld $11,409.50 of that amount for attorneys' fees.[5]

### *Authority for An Award of Fees Under 42 U.S.C. §406(b)*

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25% of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). Section 406 deals with the administrative and judicial review stages discretely, that is, §406(a) governs fees for representation in administrative proceedings and §406(b) controls fees for representation in court.

The authority for setting fees for representation in agency proceedings rests exclusively with the Secretary. Gisbrecht v. Barnhart, 533 U.S. 789, 122 S.Ct. 1817, 1821, 152 L.Ed.2d 996 (2002). ("[f]or representation of a benefits claimant at the administrative level, an attorney may

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 11.

[5] See Notice of Award attached to Rec. Doc. 12.

mem T:\Mimi-CGG 041306 Hernandez Attorneyfees.wpd10 27 05

file a fee petition or a fee agreement."). See also 42 U.S.C. §406(a). If a claimant submits a fee agreement for approval by SSA and seeks payment from SSA pursuant to that agreement, SSA will approve the agreement and award fees so long as the fee specified in the agreement does not exceed the lesser of either twenty-five percent of the total amount of such past-due benefits, or $5,300.00. See 42 U.S.C. §406(2)(A)(ii)(I) & (II). See also 67 F.R. 2477-01, 2002 WL 58099 (increasing maximum that can be awarded under this statute from $4,000.00 to $5,300.00). If the claimant files a fee petition, SSA will consider the following factors in determining a reasonable award:

> i) The extent and type of services the representative performed;
> (ii) The complexity of the case;
> (iii) The level of skill and competence required of the representative in giving the services;
> (iv) The amount of time the representative spent on the case;
> (v) The results the representative achieved;
> (vi) The level of review to which the claim was taken and the level of the review at which the representative became your representative; and
> (vii) The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

20 CFR §404.1725.

Where, as here, the claimant receives an award of disability benefits, the claimant has obtained a favorable judgment after a court appearance and fees are also appropriate under §406(b)(1). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits. Gisbrecht, 535 U.S. at 795.

The Social Security Act provides no guidance to the courts concerning the method to be used in determining what fee is reasonable in a given case under §406(b). Under Gisbrecht,

however, the Supreme Court has held that courts approaching fee determinations under Section 406(b)(1) are to look first to the contingent-fee agreement and then test it for reasonableness. Id. at 808. Thus, §406(b) calls for court review of contingency fee arrangements as an independent check, to assure that they yield reasonable results in particular cases. Id. at 807. See also McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."). Circumstances under which the Supreme Court has noted that reductions of contingency fees are appropriate include cases wherein representation was substandard (Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-50 (6th Cir. 1983)); cases wherein an attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court (Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (*en banc*)); and cases wherein "the benefits are large in comparison to the amount of time counsel spent on the case" (Rodriquez, 865 F.2d at 747; see also Wells v. Sullivan, 907 F.2d 367 (2nd Cir. 1990)). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Gisbrecht, 535 U.S. at 808, 122 S.Ct. at 1828-29.

Gisbrecht leaves many questions unanswered. Among those issues not resolved are how, and to what extent, a fee request should be reduced should a court find that an attorney caused delay or that a windfall would result if a fee was awarded as requested. A recent district court

decision out of the Eastern District of Texas explains the problems for district courts attempting to implement the tenets of Gisbrecht:

> Other than establishing primacy of a contingent-fee agreement, the Supreme Court offered little guidance, and left many questions unanswered. While the Court expressly rejected the lodestar approach as a starting point, certain aspects of a lodestar approach remain in the calculus. For example, the Court instructs that district courts should look to the character of the representation and results obtained. *Id.* at 808. Furthermore, the Court suggests examining hours worked and a reasonable hourly rate. *Id.* The overall result is a conundrum. District courts are left to determine how much of the lodestar approach is still viable. Recognizing this problem, Justice Scalia remarked: "I do not know what the judges of our district courts and courts of appeals are to make of today's opinion." *Id.* at 809 (Scalia, J., dissenting).

Brannen v. Barnhart, 2004 WL 1737443, 5 (E.D.Tex. 2004).

***Instant Motion for Fees Under Contingency Fee Agreement***

The undersigned first notes that the requested fee in this case amounts to 24.2% of claimant's past-due benefits. Because the requested fee does not exceed 25% of the total past-due benefits, it satisfies the first hurdle under Section 406(b).

The undersigned looks next to the reasonableness of the fee requested. The time sheet submitted by Mr. Remm shows that he billed a total of 44.6 hours at the judicial review level. Mr. Remm itemizes 37.6 hours of legal research. A review of the briefs submitted on behalf of Hernandez show that, although they are well-written, they did not require such extensive research. The issues presented were not novel and are advanced in many social security appeals.

In Rodriquez, the court noted the following:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The

reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

865 F.2d at 747 (emphasis added).

After review of the entire record and the briefs filed by Mr. Remm, the undersigned concludes that the requested fee of $11,409.50 is not a reasonable fee in this case. The undersigned acknowledges that Mr. Remm is an experienced social security attorney who has provided efficient legal representation to claimants in this court on numerous occasions. Nevertheless, the record in this case shows that the claimant presented a case that was not particularly complicated and which did not require extensive legal research. To award Mr. Remm the entirety of his requested fee would result in a "windfall," a result the court in Gisbrecht clearly sought to minimize.

Notwithstanding the foregoing, the court is left with little guidance regarding how the requested fee should be reduced. After much deliberation, the court has determined that the requested fee should be reduced by 20%. Such reduction takes into account the excessive hours billed for research, yet gives consideration to the inherent risks in contingency fee arrangements. Accordingly, the undersigned concludes that the a contingency fee of $9,127.60 is a reasonable award in this case.

### *Award of Fees Under EAJA*

Hernandez also seeks an attorney's fees award of $5,575.00 (44.6 hours at the rate of $125.00 per hour) and $150.00 in costs under the EAJA. Mr. Remm submits a detailed time sheet describing the services performed on behalf of his client and the time billed in connection with each task in minimal increments of .10 hours. Hernandez seeks direct payment of the EAJA

fees, since Mr. Remm will be awarded fees under the contingency fee. This arrangement is allowed pursuant to well-established jurisprudence, to wit:

> Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fees." Act of Aug. 5, 1985, Pub.L. 99-80, §§ 3, 99 Stat. 186. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the...EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Brief for United States, 3.

Gisbrecht v. Barnhart, 533 U.S. 789, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002).

***Guidelines for Attorneys' Fees and Expenses Calculation***

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); Breaux v. United States Department of Health and Human Services, 20 F.3d 1324 (5th Cir. 1994). Since Hernandez is a prevailing party, and the Commissioner has not opposed an award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-

due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at 192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and

detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

*Reasonable Rate and Hours Expended*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between $100.00 and $125.00. Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000) ($100); Rhonda G. Huval v.Commissioner of Social Security, No. 99-1056 ($125). Counsel for Cole has been awarded $125.00 per hour. *See* Dominique v. Commissioner of Social Security, No. 02-1184 (July 10, 2003); Caliste v. Commissioner of Social Security, No. 02-1476 (July 22, 2003). I conclude that $125.00 per hour is an appropriate hourly fee.

The EAJA requires that the party seeking an award of fees must submit to the court "an itemized statement . . . stating the actual time expended . . ." 28 U.S.C. §2412(d)(1)(B). This requirement has been interpreted to require specific and contemporaneous records of time expended before a court can properly determine whether the fee requested is reasonable. Specifically, the Fifth Circuit frowns on consolidating individual items into one large block of time for each day. Conner v. Mid South Insurance Agency, Inc., 943 F.Supp. 663, 666 (W.D. La

1996) (Little, J.), citing Leroy v. City of Houston, 906 F.2d 1068, 1078 (5th Cir. 1990). Thus, courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the prevailing party presents sufficiently detailed records that the time expended and the need for services are clearly established. Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1991). The remedy for failure to submit bills containing complete details is not preclusion, but rather, reduction of the fees and costs claimed. In Hensley, the United States Supreme Court stated that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51; Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Leroy, 906 F.2d at 1068.

The Supreme Court has also held that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Furthermore, counsel are required to exercise billing judgment in submitting fee requests. Walker v. U.S. Dept. of Housing and Urban Development, 99 F.3d 761, 769 (5th Cir. 1996) (discussion of billing judgment in the context of attorney's fee award under 42 U.S.C. §1988). If an attorney fails to exercise this "billing judgment," then a court may reduce the number of hours awarded, either by percentage or on a line-by-line basis. Green v. Administrators of the Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir.2002).

Several entries in the case at bar are not itemized and many tasks are improperly grouped together. More importantly, however, as discussed above, the undersigned finds that hours billed for legal research in this case were excessive. The undersigned concludes that the request for EAJA fees should be reduced by 20%. Thus, Hernandez should be compensated for 35.7 hours at a rate of $125 per hour, totaling $4,462.50.

*Johnson Analysis*

The next step requires that the court analyze the twelve <u>Johnson</u> factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow: (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: the issues in this case have been previously addressed by this court; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently; (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 19.50 hours over a 13-month period precludes such a finding; (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case; (6) Fixed or contingent fee: this factor does not justify adjustment;[6] (7) Time limitations: no evidence was adduced on this point;[7] (8) The time involved and the results obtained: this matter was resolved approximately 13 months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. <u>Walker</u>, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10)

---

[6] In <u>Walker</u>, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); <u>Shipes v. Trinity Indus.</u>, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[7] The seventh factor is subsumed in the number of hours reasonably expended. <u>Walker</u>, 99 F.3d at 772.

The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: see the case cited in determining the loadstar. The lodestar is presumptively reasonable and should be modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

### *Conclusion*

Considering the foregoing,

**IT IS ORDERED** that the sum of $9,127.60 is awarded to Henry C. Remm, Jr. as counsel for social security claimant Richard Hernandez pursuant to 42 U.S.C. §406(b). The Commissioner of the Social Security Administration shall forward a check payable to Mr. Remm in the aforementioned amount within forty-five days of this date.

**IT IS FURTHER ORDERED** that the sum of $4,612.50 ($4,462.50 attorney's fees and $150.00 for costs) is awarded to Hernandez as an EAJA award. The Commissioner of the Social Security Administration shall forward a check payable to Richard Hernandez in the amount $4,612.50 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana on October 28, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 10-28-05
BY
TO Remm
Broadwell
MEM
CG